By the Court—Monell, J.
Without examining the questions discussed on the argument of this appeal, as to the power of the Court, independently of the Code, to grant the relief asked for by the plaintiffs, we are so well satisfied (in which the Justice who made the order appealed from now fully concurs) that the plaintiffs have brought themselves within the provisions of section 388, of the Code, that we entertain no doubt the order appealed from should be reversed. That section authorizes the Court before which the action is pending, or a Justice thereof, in their discretion, on due notice, to order a party to give to the other an inspection and copy, or permission to take a copy of any books, papers or documents in his possession or under his control, containing evidence relating to the merits of the action or the defense therein.
If it is established to the satisfaction of the Court or Justice, that any book, paper or document is in the possession or under the control of the adverse party, containing evidence relating to the merits of the action or defense, it seems to me free from doubt, if it is otherwise competent evidence, that its production for inspection by the opposite party, may be compelled. The power conferred by the Code is in addition, and auxiliary to the provisions of the Revised Statutes, (Gould v. McCarty, 1 Kern., 575,) and was intended, I think, both to simplify the proceedings and enlarge the remedy.
*600 The agreement, the production of which was sought by this motion, may be the very foundation of the action, and the plaintiffs having proceeded upon the supposition that the contract was by parol, ought not, in justice, to be met at the trial by an objection, fatal, perhaps, to their suit. Besides, the agreement was the agreement of both parties, and, upon well established principles, it belongs as much to the one party as the other.
The order appealed from should be reversed; ten dollars costs of the plaintiffs’ on the motion at Special Term, to abide the event of suit.
An order is to be entered requiring the defendant or his attorney, to give to the plaintiffs or to their attorney, within ten days from the entry of the order and service of a copy thereof, an inspection and copy, or permission to take a copy of the agreement .or memoranda .of agreement, for the sale and delivery of the hats mentioned in the complaint in this action. The order to be settled on two days notice to the defendant’s attorney.